UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | No. 2:12-CR-25 |
| | ) | |
| ISIDORO GARCIA, *ET AL.* | ) | |

**REPORT AND RECOMMENDATION**

The defendant Mateo Hernandez has filed a motion to dismiss the Indictment on two bases: that the United States has violated both the Speedy Trial Act and his Sixth Amendment right to a Speedy Trial. (Doc. 96). This motion has been referred to the magistrate judge pursuant to the standing order of this Court and 28 U.S.C. § 636. A hearing was held on January 9, 2013.

Defendant was indicted on March 13, 2012, along with two co-defendants.[1] A Superseding Indictment was filed on April 10, 2012,[2] which added six more defendants, making a total of nine. One of the nine defendants was Cesar Noe Tomas-Zalpa.

With one exception, every defendant had his initial appearance between April 18, 2012, and May 2, 2012; the defendant's initial appearance was on April 18, 2012.

---

[1] Doc. 3.

[2] Doc. 10.

The one exception was Cesar Noe Tomas-Zalpa. He fled and was not arrested. Putting aside Tomas-Zalpa's absence, the Speedy Trial Act deadline would have been ninety days after the initial appearance and arraignments of the last-appearing defendants, on May 2, 2012. On November 19, 2012, the *United States* moved to sever Tomas-Zalpa from the other defendants, reciting that notwithstanding diligent efforts to find Tomas-Zalpa, he remained at large.[3] That motion was granted the following day.

A scheduling conference was held on November 27, 2012.[4] At that time, due to Tomas-Zalpa's absence, the last day of the ninety-day Speedy Trial Act clock was February 18, 2013.

As an initial matter, defendant seems to put a great deal of emphasis on the fact that he has been detained since his initial appearance and that pretrial detention somehow is a factor to take into account regarding a violation of the Speedy Trial Act or the Sixth Amendment right to a speedy trial. The court disagrees; pretrial detention is not a factor to consider under either the Speedy Trial Act or the Sixth Amendment. Either the time over ninety days from the date of his initial appearance was properly excludable for any of the enumerated reasons in the Speedy Trial Act, or they were not; pretrial detention is not one of those reasons. Similarly, pretrial detention or pretrial release are not factors that are considered when determining if a violation of a constitutional right to a speedy trial has occurred. With this said, the court will proceed to discuss the relevant considerations under

---

[3] Doc. 86.

[4] Doc. 101.

the Speedy Trial Act, and thereafter the Sixth Amendment right to a speedy trial.

## *SPEEDY TRIAL ACT*

Multiple defendants charged in a single indictment and joined for trial are subject to one Speedy Trial Act clock by virtue of 18 U.S.C. § 3161(h)(6): "A reasonable period of delay [is excludable from Speedy Trial Act computation] when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." The single Speedy Trial Act clock that applies to every defendant in such a situation is the one that attaches to the last codefendant brought before the court. *See, e.g., United States v. Culpepper*, 898 F.2d 65 (6th Cir. 1990). Because Tomas-Zalpa remained at large, the Speedy Trial Act clock had not begun to run, subject to the condition that the delay attributable to Tomas-Zalpa's absence must be "reasonable." Seven months after defendant's initial appearance and arraignment, the United States ceased its efforts to find Tomas-Zalpa and moved to sever him for purposes of trial. That seven-month delay was far from unreasonable. If nine or ten months' delay falls short of being "presumptively prejudicial" under a Sixth Amendment Speedy Trial analysis as discussed hereafter, then it is impossible to fathom how a seven-month delay caused by the United States' efforts to find Tomas-Zalpa may be held to be unreasonable under the Speedy Trial Act.

The Speedy Trial Act clock did not begin to run until November 20, 2012, when this court severed Tomas-Zalpa from the remaining defendants. The trial date of February 5, 2013, is within ninety days of that date. There was no violation of the Speedy Trial Act.

## *SIXTH AMENDMENT*

In *Barker v. Wingo*, 407 U.S. 514 (1972), the Supreme Court held (1) the right to a Speedy Trial is more vague than other constitutional rights and cannot be quantified into a specified number of days or months, and (2) a defendant's claim that he has been denied a speedy trial is subject to a balancing test, in which the conduct of both the prosecution and the defendant are weighed. The factors to be considered are (1) the length of the delay, (2) the reason for that delay, (3) whether the defendant asserted his right to a speedy trial, and (4) any prejudice to the defendant. Each case must be decided on an *ad hoc* basis. *Id.*, 407 U.S. at 530. The Supreme Court went on to state:

> The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance.

*Id.*, at 530.

In a footnote to *Doggett v. United States*, the Supreme Court held that "[d]epending on the nature of the charges, the lower courts have generally found post accusation delay 'presumptively prejudicial' at least as it approaches one year." *Doggett v. United States*, 505 U.S. 647, 652 n. 1 (1992).

It should be noted that "presumptively prejudicial" does not in any way shift the burden of proof from the defendant to the United States, or create a presumption (in the usual sense) which the United States must rebut. Rather, by "presumptively prejudicial," the Supreme Court was referring to the "triggering mechanism" for the first factor, *viz.*, the length of the delay. If the delay is not "presumptively prejudicial," the court must not inquire

4

into the remaining three factors. In other words, if the delay is not "presumptively prejudicial," then by definition there is no Sixth Amendment speedy trial violation. On the other hand, if the delay is presumptively prejudicial, the court is to go on and analyze the case under the remaining three factors of *Barker* to determine if there was a speedy trial violation. *Doggett, supra.*

The original Indictment was filed on March 13, 2012. That Indictment was sealed, and none of the defendants were arrested. A Superseding Indictment was filed on April 10, 2012, and it also was sealed. It remained sealed until November 19, 2012.[5] The first defendants were arrested on April 18, 2012, and defendant herein was included within that group.

The court must first determine the beginning date for the Sixth Amendment analysis. There are four possible dates in this case: the date the first Indictment was filed; the date the Superseding Indictment was filed; the date of the defendant's arrest; or the date the Superseding Indictment was unsealed. "As far as determining the 'length of delay' the time begins running when an Indictment is returned or when a sealed Indictment is unsealed, or when he is arrested . . . ." *United States v. McPherson*, 2009 WL 2146360 (6th Cir. 2009) (*citing United States v. Watson*, 599 F.2d 1149 (2nd Cir. 1979). The earliest date in this case was April 18, 2012, the date of defendant's arrest. Thus, April 18, 2012, is the beginning date for purposes of a Sixth Amendment analysis. The question that must be

---

[5]Doc. 85.

answered is whether or not the delay between that date and his upcoming trial on February 5, 2013, is "presumptively prejudicial" which therefore triggers an analysis of the remaining *Barker v. Wingo* factors.

This court does not know precisely what to make of the Supreme Court's time limit of "an approach" to one year; depending upon your perspective, even a single day is "approaching" one year; you only need 364 more of them. It would have been extremely helpful if the Supreme Court had flatly stated that one year or some other *specific* time limit was presumptively prejudicial which triggers the need to consider the other factors in *Barker v. Wingo*. But, the Supreme Court used the words it used. In *United States v. White*, the Sixth Circuit held that a six and one-half month delay was not presumptively prejudicial, *United States v. White*, 985 F.2d 271, 275 (6th Cir. 1993). In *United States v. Gardner*, 488 F.3d 700, (6th Cir. 2007), the court held that a nine-month delay was not presumptively prejudicial and an analysis of the remaining *Barker v. Wingo* factors was inappropriate; *id*., 719. Here, a ten-month delay between defendant's arrest and his upcoming trial is not presumptively prejudicial.

Even if it be assumed that the delay in this case has crossed the "presumptively prejudicial" threshold, thereby triggering the necessity to consider the remaining factors of *Barker v. Wingo,* there has been no violation of the Sixth Amendment right. The delay was attributable the United States' efforts to find the missing codefendant, Tomas-Zalpa, not to gain any advantage over this or any other defendant. And, lest it be forgotten, it was the United States which ultimately moved to sever Tomas-Zalpa, not this defendant.

6

The defendant asserts in his brief that he continuously asserted his right to a speedy trial, but this court disagrees. The first formal mention of a right to a speedy trial was the filing of this motion on November 21, 2012.

Lastly, the only prejudice of which defendant complains is the United States' refusal to provide him with the Rule 16 discovery materials. The United States explained in its response to the motion to dismiss that it did not provide defendant with discovery because of the possibility that the information therein would interfere with efforts to find and arrest Tomas-Zalpa, and that is a reasonable explanation. Further, defendant has suffered no prejudice due to the lack of discovery, or to the delay in setting the case for trial. Indeed, the only "prejudice" of which he can legitimately claim is the fact that he has been languishing in pretrial detention, which is not an unusual circumstance for defendants charged with conspiring to distribute 500 grams or more of cocaine.

*RECOMMENDATION*

There was no violation of the Speedy Trial Act, and no violation of defendant's Sixth Amendment right to a speedy trial. It is recommended that defendant's motion to dismiss the Indictment, (Doc. 96), be denied.[6]

Respectfully submitted,

s/ Dennis H. Inman

---

[6] Any objections to this report and recommendation must be filed within fourteen (14) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1).

United States Magistrate Judge